IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EM'LY SCOTT,**

      **Plaintiff,**

v.                                                                   **CIV 09-0991 JAP/LAM**

**FOREMOST PROPERTY AND CASUALTY**
**INSURANCE COMPANY, SOUTHWESTERN**
**PUBLIC SERVICE COMPANY,**
**JOHN and JANE DOES I-X,**

      **Defendants,**

**and**

**FOREMOST PROPERTY AND CASUALTY**
**INSURANCE COMPANY,**

      **Cross-Claimant,**

**vs.**

**SOUTHWESTERN PUBLIC SERVICE COMPANY,**

      **Cross-Defendant.**

## ORDER

**THIS MATTER** is before the Court on the ***Order to Show Cause*** (*Doc. 40*), filed in this case on February 17, 2011, as a result of Plaintiff's counsel, Alexander B. Ching, failing to appear at the telephonic Rule 16 Initial Scheduling Conference on February 8, 2011, and at a second telephonic Rule 16 Initial Scheduling Conference on February 17, 2011. The Court conducted the show cause hearing on February 25, 2011. Mr. Ching was present at the hearing, in person, and counsel for Defendants appeared telephonically. Plaintiff appeared telephonically for part of the hearing, as well. For the reasons set forth in this order, and having considered Mr. Ching's argument at the show cause

hearing on February 25, 2011, the Court orders Mr. Ching to follow certain procedures set forth herein.

This case was filed in state district court on May 14, 2009, and was removed to this Court on October 15, 2009. [*Doc. 1*]. On April 9, 2010, the Court entered an ***Order to Show Cause*** *(Doc. 11)*, requiring Plaintiff to effect service on Defendant Excel Energy to avoid dismissal of this action. Plaintiff responded on April 29, 2010, that the name of Defendant "Excel Energy" was misspelled, and should be "Xcel Energy." [*Doc. 12* at 2]. Plaintiff asked for fourteen days to file an amended complaint and to serve Xcel Energy. *Id.* On July 23, 2010, Plaintiff filed an amended complaint, naming Xcel Energy as a defendant. [*Doc. 13*]. On October 29, 2010, the Court held a status conference at which Plaintiff stated that Defendant Xcel Energy was served just that morning. [*Doc. 16*]. Defendant Xcel Energy filed its answer to the amended complaint on November 24, 2010. [*Doc. 18*].

On December 6, 2010, this Court entered an ***Initial Scheduling Order*** *(Doc. 20)* scheduling a telephonic Rule 16 Initial Scheduling Conference for January 19, 2011. At the January 9, 2011, the parties agreed to postpone the Rule 16 Initial Scheduling Conference in order to allow Plaintiff to file a motion to amend the complaint again to substitute Southwestern Public Service Company for Xcel Energy as the proper defendant. [*Doc. 27* at 1]. The parties agreed to reschedule the Rule 16 Initial Scheduling Conference for February 8, 2011 at 3:00 p.m., on the Court's trailing docket, and an ***Order Resetting Telephonic Rule 16 Initial Scheduling Conference*** *(Doc. 28)* was filed on January 20, 2011. On the morning of February 8, 2011, Mr. Ching called the Court's chambers to provide his cell phone number for the hearing that afternoon. The Court's docket on February 8, 2011 was running approximately thirty minutes behind schedule, and when the Court attempted to contact Mr. Ching for the hearing he was unavailable on his cell phone and the Court

was unable to leave a message because his voice mail was not set up to receive messages. At no time prior to this scheduled telephonic hearing did Mr. Ching indicate that he had a conflict with this setting. In an effort to again reschedule the telephonic Rule 16 Initial Scheduling Conference, the Court sent an e-mail to all counsel with available dates. Mr. Ching responded, "I apologize, my phone system is down. Calls will go to voice mail but I cant [sic] pick them up. Thursday, Feb. 17 at 9:30 will work for me." *See* e-mail dated February 11, 2011 at 2:19 p.m., attached hereto as Attachment 1. The Court was unable to reach Mr. Ching by telephone for the February 17, 2011 hearing, and Mr. Ching failed to contact the Court to provide an explanation for his absence. That same day, the Court entered an ***Order to Show Cause (Doc. 40)***, ordering Mr. Ching to appear in person at a hearing on February 25, 2011, to show cause why he should not be held in contempt of Court for failing to appear at the February 8 and February 17, 2011 hearings. The Court further ordered Mr. Ching "to send by Certified Mail with Return Receipt Requested a copy of this ***Order to Show Cause*** to his client, Plaintiff Em'ly Scott," and to "immediately provide the Court with proof that he has done so." [*Doc. 40* at 2-3]. At the February 25, 2011 hearing, the Court asked Mr. Ching for the proof that he had sent his client a copy of the order to show cause. [*Doc.* 48 at 1]. Mr. Ching stated that he had not sent her a copy of the order, nor had he told his client about the show cause hearing. *Id.* The Court called Ms. Scott during the hearing to notify her about her counsel's failure to appear at two hearings and that he was currently at a hearing to show cause why he should not be held in contempt of Court. *Id.* at 2. The Court also inquired of Ms. Scott as to whether she had bene receiving copies of notices for hearings and other pleadings and she said she had not, except for one prior hearing. *Id.* The Court then proceeded with the Rule 16 scheduling conference.

Due to the above-described failings by Mr. Ching, the court finds that he has not adequately represented his client nor kept her informed about her case. In order to avoid a referral to the

3

presiding District Judge in this case to hold a contempt proceeding, the Court orders Mr. Ching to: (1) hire full-time staff who is competent to calendar Mr. Ching's hearings in his cases; (2) send Plaintiff copies of all documents, including all notices of hearings, entered in her case; (3) send Plaintiff a copy of her case file to date; (4) not miss any more hearings set in this case; (5) notify the Court immediately of any conflict with a hearing set in this case; (6) be at a phone where the Court can reach him for hearings, and not be in the middle of a hearing set in another case; and (7) understand that a "Trailing Docket" means that Mr. Ching will be available for the Court's call until the Court contacts him.  The Court will defer any decision on sanctions pending the proceedings of this lawsuit.  If Mr. Ching fails to comply with any one or more of the Court's orders or rules in this case, the Court will: (1) impose Fed. R. Civ. P. 16 sanctions, including payment of attorneys fees and costs for Defendants attending the February 8 and February 17, 2011, scheduling conferences; (2) recommend dismissal of Plaintiff's case pursuant to the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); (3) refer Mr. Ching to the District Judge presiding over this case for contempt proceedings, pursuant to 28 U.S.C. § 636(e)(6)(B) (explaining that in a case proceeding under 28 U.S.C. § 636(a) or (b) where an act of civil contempt has taken place, the magistrate judge shall certify the facts to a district judge who shall determine the punishment that may be warranted); and/or (4) refer Mr. Ching to the state's disciplinary board.  These sanctions will be *in addition to* sanctions for any other violations of the Court's orders or rules.

    **IT IS THEREFORE HEREBY ORDERED** that Alexander B. Ching shall:

(1)    Hire full-time staff who is competent to calendar Mr. Ching's hearings in his cases;

(2)    Send Plaintiff copies of all documents filed in her case, including all pleadings, notices, and orders;

(3)    Send Plaintiff a copy of her case file to date;

(4)     Not miss any more hearings set in this case;

(5)     Notify the Court immediately of any conflict with a hearing set in this case;

(6)     Be at a phone where the Court can reach him for hearings, and not be in the middle of a hearing set in another case; and

(7)     Be available for the Court's phone call on its "Trailing Docket" until the Court contacts him.

**IT IS FURTHER ORDERED** that the Court will defer any decision on sanctions at this time, but if Mr. Ching fails to comply with any one or more of the Court's orders or rules in this case, the Court will: (1) impose Fed. R. Civ. P. 16 sanctions, including payment of attorneys fees and costs for Defendants attending the February 8 and February 17, 2011, scheduling conferences; (2) recommend dismissal of Plaintiff's case pursuant to the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); (3) refer Mr. Ching to the District Judge presiding over this case for contempt proceedings, pursuant to 28 U.S.C. § 636(e)(6)(B) (explaining that in a case proceeding under 28 U.S.C. § 636(a) or (b) where an act of civil contempt has taken place, the magistrate judge shall certify the facts to a district judge who shall determine the punishment that may be warranted); and/or (4) refer Mr. Ching to the state's disciplinary board. These sanctions will be *in addition to* sanctions for any other violations of the Court's orders or rules.

**IT IS SO ORDERED.**

_Lourdes a. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**